U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 8 2010

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THOMAS DICKSON, Individually § 
and on behalf of himself and § 
all others similarly situated, § 
§ 
          Plaintiff, § 
§ 
VS. § NO. 4:09-CV-750-A
§ 
AMERICAN AIRLINES, INC., § 
and Does "1" through "20" § 
inclusive, § 
§ 
          Defendants. § 

MEMORANDUM OPINION
and
ORDER

After having considered the motion of defendant, American

Airlines, Inc., to dismiss Plaintiff's Original Class Action

Complaint, the court has concluded that the motion should be

granted.

I.

Nature of the Action

The above-captioned action was initiated by the filing by

plaintiff, Thomas Dickson, of his "Plaintiff's Original Class

Action Complaint" on December 17, 2009.  It is a putative class

action brought by plaintiff, individually and on behalf of:

> 2,000 to 33,000 airline passengers in international air
> carriage who were delayed over 3 hours on or about

18

> December 29th, 2006, some of whom, including the
> plaintiff, who were confined to AA aircraft on the
> ground for extended periods of time and affected by
> related actions of AA . . . .

Compl. at 3, ¶ 4.01(a). Plaintiff alleged that the action was

filed under the Convention for the Unification of Certain Rules

for International Carriage by Air ("Montreal Convention"), which

provides for compensation to consumers in international air

carriage by air for delay of passengers or their baggage or cargo

as well as personal injury and death. Id. at 1, ¶ 1.01.

According to plaintiff, he, his wife, and his child suffered

inconveniences and damages at the hands of defendant when they

were passengers on an airplane operated by defendant in late

December 2006 as part of their trip from San Francisco to the

country of Belize when, due to weather conditions, their flight

was diverted from Dallas/Fort Worth International Airport to

Austin, Texas. Because of the adverse weather conditions,

plaintiff and the members of his family were confined in the

aircraft for over eight hours. Plaintiff alleged, on information

and belief, that:

> [O]ver 2,000 passengers in international air carriage
> involving up to 120 or more flights on December 29,
> 2006 were confined to AA aircraft for extended periods
> of time in excess of 3 hours in poor to deplorable
> conditions in route to or from DFW, and up to 33,000
> passengers in international air carriage scheduled into

2

or out of DFW on December 29, 2006, on up to 1,100 AA
flights were delayed to their final destinations in
excess of 3 hours.

Id. at 4, ¶ 5.02.

All of plaintiff's individual and class action claims are
alleged violations of the Montreal Convention, id. at 9-12, ¶¶
6.01-6.15. Plaintiff seeks individual damages of at least
$100,000 and "such higher or lower amount as may be allowed by
[the] court for each other class member similarly situated, in
excess of $5,000,000 for the proposed class in damages, plus
. . . court costs, litigation expenses including attorney fees,
and interest." Id. at 12, ¶ 6.12.

Plaintiff requested that he be appointed as named
representative of a class of all passengers similarly situated,
and informed the court that he will "seek an incentive amount for
such representational duties as the court may determine." Id. at
12, ¶ 6.13.

In recognition that he was faced with a defense based on a
two-year period of repose contained in the Montreal Convention,
plaintiff alleged that "limitations was tolled by other class
action filings, including Harper v. American Airlines, Civil
Action No. 4:09-CV-318-Y, which began in December 2008, and for
which class certification was denied on procedural grounds,

3

subject to appeal, by order dated December 16, 2009." <u>Id.</u> at 9, ¶ 5.23.

II.

<u>Grounds of Defendant's Motion to Dismiss</u>
and
<u>Plaintiff's Response to the Motion</u>

A.   <u>Grounds of the Motion</u>

On January 11, 2010, defendant filed its motion to dismiss,

stating as grounds for dismissal that:

> (1) the Montreal Convention's two-year statute of
> repose has extinguished any claim Plaintiff Thomas
> Dickson may have under that Convention; (2) expiration
> of that statute of repose creates a jurisdictional bar
> to the adjudication of Dickson's claim; (3) as a matter
> of law, no principle of "tolling" saves Dickson's
> action from the two-year statute of repose; (4) Dickson
> may not bring a "piggyback" proposed class action on a
> prior failed class action, as the Complaint seeks to
> do; and (5) Dickson's claims for "inconvenience,
> emotional and physical distress and injury, deprivation
> of liberty" and other consequential damages including
> loss of vacation or work time and loss of enjoyment of
> life, and attorneys' fees fail to state a claim upon
> which relief can be granted because the Montreal
> Convention does not allow recovery for such alleged
> damages.

Mot. to Dismiss at 1-2.

B.   <u>Plaintiff's Response to the Motion</u>

Plaintiff took the following positions in his response:

1.   He maintained that the Montreal Convention's two-year

period of repose does not bar this action because the period of

repose was tolled from December 29, 2008, through December 16, 2009. According to plaintiff, the confinement of he and his family on defendant's airplane began on December 29, 2006, and ended on December 30, 2006, which would be the beginning date of the two-year period of repose. Plaintiff argued that the period of repose was tolled from December 29, 2008, the date on which the Harper putative class action was filed, until December 16, 2009, when, he contends, class certification and his motion to intervene as a class representative were denied in Harper, thus, when the tolling is considered, making the filing of his complaint in the instant action on December 17, 2009, within the two-year period of repose.

2. As to defendant's argument that there can be no tolling of the Montreal Convention's two-year period of repose, plaintiff contended that defendant's position is contrary to Supreme Court precedent, inconsistent with United States judicial policy, and is not required by international law or as an intended result of the Montreal Convention.

3. Plaintiff contended that he does not seek to maintain a "piggyback" class action "but only to protect his own rights and the rights of those of others entitled to delay compensation

under the [Montreal Convention] who were delayed in the same mass

delay and stranding incident." Resp. at 10.

    4.    Finally, plaintiff argued that defendant's contentions

that plaintiff's complaint seeks recovery of damages and other

relief not contemplated by the Montreal Convention are without

merit.

III.

Analysis

A.    The Montreal Convention and Its Two-Year Repose
      Provision

    The court refers the reader to Bassam v. American Airlines,

Inc., 287 F. App'x 309, 312 (5th Cir. 2008) (unpub.), for a

summary of the history of the Montreal Convention, which provides

the exclusive remedies of international passengers against their

air carriers.    Under the heading "Basis of Claims," the

Convention states:

        In the carriage of passengers, baggage and cargo, any
        action for damages, however founded, whether under this
        Convention or in contract or in tort or otherwise, can
        only be brought subject to the conditions and such
        limits of liability as are set out in this Convention
        without prejudice to the question as to who are the
        persons who have the right to bring suit and what are
        their respective rights. In any such action, punitive,

exemplary or any other non-compensatory damages shall
not be recoverable.

Resp., App. at 56, art. 29 (emphasis added).  And, one of the

Convention's conditions appears under the heading "Limitation of

Actions" as follows:

> 1.  The right to damages shall be extinguished if an
> action is not brought within a period of two years,
> reckoned from the date of arrival at the destination,
> or from the date on which the aircraft ought to have
> arrived, or from the date on which the carriage
> stopped.
>
> 2.  The method of calculating that period shall be
> determined by the law of the court seised of the case.

Id. at 58, art. 35.

B.    The Repose and Tolling Disputes

Inasmuch as this action was not instituted until the lapse

of almost three years after commencement of the Montreal

Convention's two-year period of repose, if any part of the action

is to survive the bar of repose, plaintiff must succeed on the

tolling theory he alleges in paragraph 5.23 of his complaint,

i.e., that "limitations was tolled by other class action filings,

including Harper v. American Airlines."  Compl. at 9, ¶ 5.23.

Three putative class actions previously have been filed against

American, apparently by the same attorney who filed the instant

action, in which claims were made based on inconveniences and

damages suffered by reason of the late December 2006 weather conditions.

Defendant maintains that the class action tolling principles established by the Supreme Court in <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538, 561 (1974), <u>Crown, Cork & Seal Co., Inc. v. Parker</u>, 462 U.S. 345, 353-54 (1983), and <u>Chardon v. Fumero Soto</u>, 462 U.S. 650 (1983), do not apply to this case and that, therefore, plaintiff's claims were barred no later than two years after the date in late December 2006 when plaintiff's carriage on defendant's airplane stopped. Defendant's argument against tolling is predicated on case authority that the repose language in question created a condition precedent to the bringing by a plaintiff of a damage action under the Convention, with the consequence that the tolling concept discussed in the Supreme Court opinions in the context of statutes of limitations simply does not apply. Defendant cites as authority for its position rulings in <u>Husmann v. Trans World Airlines, Inc.</u>, 169 F.3d 1151, 1154 (8th Cir. 1999); <u>Fishman v. Delta Air Lines, Inc.</u>, 132 F.3d 138, 143-44 (2d Cir. 1998); <u>McCaskey v. Continental Airlines, Inc.</u>, 159 F. Supp. 2d 562, 580-81 (S.D. Tex. 2001); <u>Sanchez Morrabal v. Omni Air Services Co.</u>, 497 F.

Supp. 2d 280, 285 (D.P.R. 2007); <u>Magnus Electronics, Inc. v.</u>
<u>Royal Bank of Canada</u>, 611 F. Supp. 436, 443 (N.D. Ill. 1985).

The court concludes that defendant's arguments and
authorities support its position that class action tolling is not
applicable to the Montreal Convention two-year repose provision.
The language of the Convention could not make any plainer that
one of the conditions for the existence of an action under the
Convention for damages is that it be brought within a period of
two years. <u>Supra</u> at 6-7. The bringing of the action within two
years was, by the express language of the Convention, a condition
precedent--"any action for damages . . . can only be brought
subject to the conditions . . . as are set forth in this
Convention." <u>Id.</u> This language leaves no room for the
application of a tolling theory, class action or otherwise,
designed to overcome the two-year condition precedent.

The time element expressed in the Convention is not a
limitation provision but is a part of the definition of the right
to recover damages based on the provisions of the Convention.
<u>See</u> <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 415-17 (1998); <u>Mid-</u>
<u>State Horticultural Co. v. Pa. R.R. Co.</u>, 320 U.S. 356, 363-64
(1943) (saying that "[t]he cause of action, the very foundation

for relief, is extinguished" and "the lapse of time . . .

destroys the liability," at 364 (internal quotation marks

omitted")); <u>Burlington N. v. Poole Chem. Co., Inc.</u>, 419 F.3d 355,

362-64 (5th Cir. 2005); <u>Archer v. Nissan Motor Acceptance Corp.</u>,

550 F.3d 506, 508 (5th Cir. 1998).

Even if the court were incorrect in concluding that there

cannot be class action tolling as to a Montreal Convention claim,

the claims asserted by plaintiff in the instant action

nevertheless would be barred.    In no event could plaintiff gain

the benefit of class action tolling from the first two of the

previously filed class actions because plaintiff would not have

been a putative class member in either of them.

The first of the previously filed class actions, styled

"Kathleen Hanni, Individually and on Behalf of All Others

Similarly Situated, Plaintiff, v. American Airlines, Inc.,

Defendant," which was filed December 28, 2007, is now pending in

the United States District Court for the Northern District of

California, Oakland Division, as Case No. 4:08-CV-732-CW.[1]  The

second, styled "Catherine Ray, on Behalf of Herself and All

---

[1]<u>Hanni</u> was filed December 28, 2007, in the Superior Court of the State of California in and for the County of Napa and was removed to the United States District Court for the Northern District of California, San Francisco Division, on January 31, 2008.  Case No. 4:08-CV-732-CW, Docket Entry 1. It now pends in the Oakland Division.

Others Similarly Situated, Plaintiff, v. American Airlines, Inc.," which was filed on December 27, 2007, now pends in the United States District Court for the Western District of Arkansas, Fayetteville Division, as Case No. 5:08-CV-5025-RTD.[2] Neither Hanni nor Ray involved claims based on the Montreal Convention.  The putative class (classes) in Hanni expressly excluded passengers in international air carriage, whose claims would be governed by the Montreal Convention, by defining the class (classes) as being "domestic travelers who traveled on an American Airlines flight scheduled to land at Dallas/Fort Worth International Airport on December 29, 2006 that was diverted to another airport . . . ."  Case No. 4:08-CV-732-CW, Docket Entry 311 at 1-2.  The complaint by which Ray was instituted describes the plaintiff as a domestic traveler.  Case No. 5:08-CV-5025-RTD, Docket Entry 1, 2d p., ¶ 6.  By not mentioning the Montreal Convention, the claims made in Ray imply that they were limited to domestic travelers.  Moreover, the claims were not of a kind that would be asserted on behalf of international travelers, such

---

[2]Ray was filed December 27, 2007, in the Circuit Court of Washington County, Arkansas, and was removed to the United States District Court for the Western District of Arkansas, Fayetteville Division, on January 31, 2008. Case No. 5:08-CV-5025-RTD, Docket Entry 1.

as those making up the putative class presented in the instant
action. Id., Docket Entry 111 at 4-15.[3]

Notwithstanding plaintiff's broad allegation in the
complaint that "limitations was tolled by other class action
filings," Compl. at 9, section 5.23, plaintiff does not contend
in his response to defendant's motion to dismiss that he gained
any tolling benefit from Hanni or Ray. Rather, he pitches his
entire tolling argument on the filing and pendency of the third
previously filed class action, Harper v. American Airlines.

Harper was filed December 29, 2008, in the United States
District Court for the Northern District of Alabama, Huntsville
Division, under the style "James D. Harper, Jr., Individually and
on Behalf of Himself and All Others Similarly Situated,
Plaintiff, v. American Airlines, Inc., and Does "1" through "20"
Inclusive, Defendant." Case No. 4:09-CV-318-Y, Docket Entry 1.
All claims asserted in Harper were based on the Montreal
Convention. Harper alleged that he, his wife, and three children
were on defendant's airplane when the bad weather hit on December
29, 2006, pursuant to tickets they purchased for air

---

[3]By an April 2, 2009, memorandum opinion, the motion for class certification in Ray was denied, and defendant's motion for summary judgment was granted, dismissing the case with prejudice, Case No. 5:08-CV-5025-RTD, Docket Entry 111; and, on that same date a judgment dismissing the Ray case with prejudice was entered, id., Docket Entry 112.

transportation from Cancun, Mexico, to Huntsville, Alabama, by way of Dallas/Fort Worth International Airport.  The putative class in <u>Harper</u> consisted of "600 to 2,400 airline passengers in international carriage by air confined on aircraft by Defendants for 3 to 11 hours on December 29th, 2006, and who were otherwise affected by related actions of the Defendants as set forth [in other parts of the complaint.]"  <u>Id.</u> at 2d p., ¶ 5.a.  <u>Harper</u> was transferred to the Northern District of Texas, Dallas Division, on May 29, 2009, and then to the Fort Worth Division, where it was placed on the docket of Judge Terry R. Means as Case No. 4:09-CV-318-Y.  For the reasons given below, the court concludes that plaintiff could find no comfort in <u>Harper</u> even if he were to be given the benefit of a class action tolling.

Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure directs that "[a]t an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action."  To facilitate compliance with this rule, a local rule of this court directs that "[w]ithin 90 days of filing of a class action complaint, or at such other time as the presiding judge by order directs, an attorney for the plaintiff must move for certification."  Local Civil Rules of the United States Dist. Ct.

13

for the N.D. Tex. LR 23.2.   The ninety-day deadline commenced no later than when Harper was transferred from Alabama to this court on May 29, 2009.   Therefore, the deadline for the filing of a motion for class certification was no later than August 27, 2009. The Harper plaintiff did not move for class certification during the allotted ninety-day period, nor did the Harper court order a filing time different from the ninety-day time limit prescribed by the local rule.[4]   As a result, after August 27, 2009, Harper no longer was a putative class action.   See Aguilera v. Pirelli Armstrong Fire Corp., 223 F.3d 1010, 1019 (9th Cir. 2000) (stating that "whatever tolling applied, it ceased once the deadline for seeking class certification passed . . . .").

If Harper ever provided plaintiff the benefit of a tolling of the two-year period of repose, the tolling, at most, operated from December 29, 2008, until August 27, 2009, while Harper was a putative class action.   See Aguilera, 223 F.3d at 1019; Javier H. v. Garcia-Botello, 239 F.R.D. 342, 349 (W.D.N.Y. 2006); Lee v.

---

[4]The Harper plaintiff filed a motion for class certification on October 28, 2009. Case No. 4:09-CV-318-Y, Docket Entry 51. On that same date, the Harper plaintiff filed a motion to declare his motion for class certification timely or, in the alternative, for an extension of time for the filing of a motion for class certification. Id., Docket Entry 53. On November 2, 2009, defendant filed in Harper an opposition to the Harper plaintiff's motion and a cross-motion to strike the motion for class certification. Id., Docket Entry 57. By order signed December 16, 2009, the Harper court denied the motion to declare the motion to certify timely or for an extension, and granted the defendant's cross-motion to strike. Id., Docket Entry 69 (Mot. to Dismiss, App. at 5-13).

Dell Prods., L.P., 236 F.R.D. 358, 362 (M.D. Tenn. 2006).  Thus,
even given the benefit of such a tolling, plaintiff's "right to
damages [was] extinguished" by reason of his failure to bring his
action "within a period of two years . . . from the date on which
the carriage stopped."  Resp. App. at 58, art. 35.

Moreover, the court agrees with the other alternative ground
of defendant's motion that the putative class action in question
cannot be "piggybacked" on the Harper class action.  As the Fifth
Circuit explained in Salazar-Calderon v. Presidio Valley Farmers
Ass'n, 765 F.2d 1334, 1351 (1985), putative class members are not
permitted to piggyback one class action onto another and thus
toll the statute of limitations indefinitely.  See also Basch v.
Ground Round, Inc., 139 F.3d 6, 11-12 (1st Cir. 1998); Griffin v.
Singletary, 17 F.3d 356, 359-60 (11th Cir. 1994); Andrews v. Orr,
851 F.2d 146, 149-50 (6th Cir. 1988) (stating that while
individual complaints are tolled during the pendency of a class
action there was no tolling for future class actions by putative
class members); Korwek v. Hunt, 827 F.2d 874, 879 (2d Cir. 1987).
The case authorities establish that even if there were a tolling
that could benefit an individual plaintiff based on an earlier-
filed class action, the tolling would salvage no more than the
plaintiff's individual claim, and could not serve as a basis for

15

untimely pursuit by the plaintiff of yet another class action on behalf of putative class members.

For the reasons given above, the court concludes that any right plaintiff otherwise had to bring the instant action was extinguished by his failure to bring the action within a period of two years reckoned from the date on which defendant's carriage of plaintiff stopped.  That conclusion prevails even if plaintiff is given the benefit of tolling during the period of time when Harper was a viable putative class action.  If, as plaintiff seems to contend, the Convention's repose provision could be overcome by equitable considerations, there is no such equitable factor in this case.

C.    The Other Grounds of Defendant's Motion

Having decided that plaintiff did not bring this action timely, the court finds unnecessary to discuss the remaining grounds of defendant's motion.  However, the court's silence as to those grounds is not to be taken as any indication that the court questions the merit of them.

Apparently the informal request made by plaintiff in his response for permission to file an amended complaint is related to the grounds of defendant's motion that the court is not deciding.  The request to amend appears to have been added at the

16

end of the response as an afterthought.  While the local rules of

this court authorize a document to contain more than one motion,

"[a]ny such document must clearly identify each included . . .

motion . . . in its title."  Rule LR 5.1(c) of the Local Civil

Rules of the United States Dist. Ct. for the N.D. of Tex.

Therefore, the informal request cannot be treated as a motion.

Moreover, even if the court were to treat the request as a motion

for leave to amend, it nevertheless would be ineffective because

of noncompliance with Rule LR 15.1(a) of the Local Civil Rules,

which requires any motion for leave to amend to be accompanied by

the proposed amended complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states

that a court "should freely give leave [to amend] when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  The court concludes that

justice does not require allowing plaintiff to replead in this

case.  See, e.g., Klein v. Gen. Nutrition Co., Inc., 186 F.3d,

338, 346 (3d Cir. 1999) (taking into account in the denial of

leave to amend the lapse of time without a request to amend and

that, instead of seeking leave to file an amended complaint, the

plaintiffs chose to respond to the motion to dismiss); Zucker v.

Quasha, 891 F. Supp. 1010, 1019 (D.N.J. 1995) (including as

reasons for denying a request to amend that the request was not

properly before the court by way of a notice of motion and that plaintiff had not submitted a copy of the proposed amended complaint in accordance with a local rule).  The court cannot think of anything worthwhile that would be gained by giving plaintiff an opportunity to file an amended complaint, and declines to do so.

IV.

Order

Consistent with the foregoing,

The court ORDERS that plaintiff's complaint be, and is hereby, dismissed.

SIGNED January 28, 2010.

JOHN McBRYDE
United States District Judge

18